[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 14, 2006
THOMAS K. KAHN
CLERK**

No. 05-12698
Non-Argument Calendar

_____

D. C. Docket No. 05-20047-CV-AJ

UNIVERSAL COMMUNICATION SYSTEMS, INC.,
a Nevada Corporation,
MICHAEL J. ZWEBNER, individually and others
similarly situated,

Plaintiffs-Appellants,

versus

TURNER BROADCASTING SYSTEMS, INC.,
Georgia Corporation,
CABLE NEWS NETWORK, INC., Georgia
Corporation, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 14, 2006)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Universal Communications Systems ("Universal") sued Defendants-Appellees Turner Broadcasting Systems ("Turner") alleging defamation. Universal has failed to demonstrate, at any level of this case, how Turner was responsible (directly or indirectly) for the publication of the allegedly defamatory statements. Accordingly, we AFFIRM the district court's order dismissing the action and refusing to alter or amend the order of dismissal, and we REMAND the case to the district court to determine the reasonable attorneys' fees incurred by appellees in defending this appeal.[1]

---

[1] Turner's motion for damages and costs on appeal under Rule 38 of the Federal Rules of Appellate Procedure is GRANTED in the amount of double costs and reasonable attorneys' fees in defending this appeal. The Clerk of this Court shall assess the costs, and the amount of attorneys' fees shall be determined by the district court on remand. Universal's Motion for Imposition of Professional Sanctions against Turner is DENIED. Turner's Motion to Strike Motion for Imposition of Professional Sanctions is DENIED as moot.